IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JONATHON T.[1],

       Plaintiff,

v.

NANCY BERRYHILL,
Commissioner of the Social Security
Administration,

       Defendant.
_____

Civ. No. 6:17-cv-01016-MC

**OPINION AND ORDER**

**MCSHANE, Judge**:

       Plaintiff Jonathon T. brings this action for judicial review of a final decision of the Commissioner of Social Security denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act and disability insurance benefits ("DIB") under Title II of the Social Security Act. This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

1 – OPINION AND ORDER

The issues before this Court are: (1) whether the Administrative Law Judge (ALJ) erred in determining that Plaintiff's Residual Functional Capacity (RFC) was light exertional; and (2) if the ALJ erred in determining Plaintiff's RFC, whether the error was harmless.

Because the ALJ's RFC finding was supported by substantial evidence in the record, the ALJ did not legally err and the Commissioner's decision is AFFIRMED.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff applied for DIB and SSI on December 20, 2012, alleging disability since September 15, 2012. Tr. 16.[2] Both claims were denied initially, tr. 129, and upon reconsideration, tr. 140. Plaintiff timely requested a hearing before an ALJ, *see* tr. 146, and appeared before the Honorable Shani Pines on September 17, 2015, tr. 36. ALJ Pines denied Plaintiff's claims by a written decision dated November 27, 2015. Tr. 16–28. Plaintiff sought review from the Appeals Council, tr. 77, and was denied, tr. 1, rendering the ALJ's decision final. Plaintiff now seeks judicial review.

Plaintiff completed the ninth or tenth grade, tr. 42, 213, and worked variously from 2003 to 2012 as a gas station attendant, gas station manager, and most recently as a hose manufacturer, tr. 263. Plaintiff was 44 years old at the alleged onset of disability, tr. 27, and 47 at the time of his hearing, *see id.*; *see also* tr. 36. Plaintiff alleges disability due to rheumatoid arthritis, depression, degenerative disc disease of the lower back, tendonitis, and hepatitis C. Tr. 212. Plaintiff argues on appeal that the ALJ wrongly determined that his RFC is light exertional with some additional functional limitations. Pl.'s Br. at 5-6.

---

[2] "Tr." refers to the Transcript of Social Security Administrative Record, ECF No. 14, provided by the Commissioner.

# STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989) (citing *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986)). "'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir. 1996)).

# DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). The burden of proof rests on the claimant for steps one through four, and on the Commissioner for step five. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner's burden is to demonstrate that the claimant can make an adjustment to other work after considering the claimant's residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the

Commissioner fails to meet this burden, then the claimant is disabled. *Id.* If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Id.*

Plaintiff contends the ALJ's disability decision contains legal errors and is not supported by substantial evidence. Pl.'s Br. at 4. In particular, Plaintiff brings two arguments: (1) the ALJ erred in rejecting the expert opinion of Dr. Arthur Lorber, an orthopedic surgeon, that Plaintiff's RFC was sedentary; and (2) the ALJ's error was harmful because the vocational expert (VE) failed to testify to real jobs in the national economy at the sedentary RFC level. Because there is sufficient evidence in the record to support the ALJ's conclusion that Plaintiff's RFC was light exertional, the Commissioner's decision is affirmed.

## **The Administrative Law Judge did not err in her determination of Plaintiff's Residual Functional Capacity**

Plaintiff argues that the ALJ erred in rejecting Dr. Lorber's testimony that Plaintiff's RFC was sedentary. Pl.'s Br. at 4. Plaintiff asserts that, as an orthopedic surgeon, the ALJ should have given Dr. Lorber's testimony greater weight than the opinions of the two state agency medical experts, both general practitioners, who opined that Plaintiff's RFC was light exertional.

Dr. Lorber testified at the hearing that he objectively interpreted Plaintiff's medical records as consistent with a severe impairment of the spine, though not equal to listing 1.04 (A) or (C). Tr. 49. The ALJ agreed with Dr. Lorber that Plaintiff had a severe impairment to his spine (degenerative disc disease of the lumbar spine with T-11 compression fracture). Tr. 18. Plaintiff argues that the ALJ erred in discrediting Dr. Lorber's opinion that, "[h]e may occasionally lift 10 pounds and frequently less than 10 pounds." Tr. 51. Instead, the ALJ agreed with two non-examining medical consultants in this case, Drs. Backlund and Meyers, who opined that,

"[Plaintiff] can lift and/or carry 20 pounds occasionally and 10 pounds frequently." Tr. 26. Dr. Lorber's medical opinion is consistent with a sedentary RFC, whereas the opinions of Drs. Backlund and Meyers are consistent with the light exertional RFC found by the ALJ. SSR 83-10.

"To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citing *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995)). "If a *treating* or *examining* doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (emphasis added). When evaluating conflicting medical opinions, an ALJ need not accept a brief, conclusory, or inadequately supported opinion. *Bayliss*, 427 F.3d at 1216 (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)).

Neither Dr. Lorber or the consulting doctors were treating or examining physicians. Nonetheless, the ALJ provided specific and legitimate reasons, supported by substantial evidence in the record, to give more weight to the opinions of Drs. Backlund and Meyers than Dr. Lorber.

Dr. Lorber testified to the following functional limitations:

> The claimant may lift up to 10 pounds occasionally and less than 10 pounds frequently. He may occasionally stoop, crouch, kneel, but he should not crawl. He should not work at unprotected heights. He should not climb ladders, scaffolds, or ropes. He should avoid exposure to concentrated vibration. [H]e may occasionally ascend and descend stairs and/or ramps. He may occasionally work around moving machinery. . . . He may frequently operate foot pedals with either foot, but not constantly. He may stand and/or walk for a total of two hours a day, not more than 30 minutes at a time. In other words, he should have a sit/stand option every 30 minutes. He does not require any special breaks from work when he changes position.

Tr. 51-52.

Dr. Lorber found that Plaintiff's 40 percent anterior compression fracture at T-11 was, "a significant abnormality which, by itself, will cause mechanical back pain." Tr. 49. Dr. Lorber asked Plaintiff if the compression fracture dated to a car accident in 1997. Tr. 47. Plaintiff responded that there was no other time that he was aware of where he could have broken his back. *Id.* Plaintiff testified further that he was not aware that he had broken his back, "until I think a year and a half ago when they looked at my x-rays and told me." *Id.*

An ALJ must weigh the following factors when considering medical opinions: (1) whether the source has an examining relationship with claimant; (2) whether the source has a treatment relationship with claimant; (3) supportability (as shown by relevant evidence and explanation); (4) consistency with the record as a whole; (5) specialization; and (6) other factors, including the source's familiarity with other information in the record. 20 C.F.R. § 404.1527(c)(1)–(6).

The ALJ did not dismiss Dr. Lorber's testimony regarding Plaintiff's functional limitations out of hand. Rather, she interpreted the record of Plaintiff's claim as a whole as inconsistent with the opinion of Dr. Lorber and consistent with an RFC of light exertional with some additional functional limitations:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant can sit, stand, and walk for six hours each in an eight hour workday; frequently handle with his non-dominant hand; frequently climb ramps and stairs; occasionally climb ladders and scaffolds; and occasionally stoop, kneel, crouch and crawl. The claimant requires the ability to shift from sitting to standing as needed and at will throughout the day, can occasionally reach in all directions with his non-dominant upper extremity, and can never operate a motor vehicle.

Tr. 21-22.

The ALJ acknowledged that Plaintiff's back pain was significant, tr. 23, and she found that Plaintiff was severely impaired by his degenerative disc disease and T-11 compression fracture. Tr. 18. The ALJ credited Dr. Lorber's testimony that the compression fracture alone would cause mechanical back pain. Tr. 24. However, because of objective evidence to the contrary, the ALJ disagreed with Dr. Lorber's assessment that, due in large part to the compression fracture, Plaintiff's RFC was sedentary. Tr. 24-26.

Dr. Lorber's primary rationale for his opinion that Plaintiff should be limited to a sedentary RFC was Plaintiff's T-11 compression fracture from a car accident in 1997. *See* Tr. 49; *see also* Pl.'s Mem. 7 ("Dr. Lorber's Sedentary RFC appears to have been based on Plaintiff's chronic T-11 compression fracture . . . ."). The objective medical evidence shows that the mechanical damage from the compression fracture was stable since before the alleged onset date of disability. Tr. 451. Indeed, Plaintiff alleges that his disability stems from his degenerative disc disease and not the compression fracture.

Objectively, the ALJ pointed to a May 2013 physical where Plaintiff did not exhibit pain in the area of his compression fracture. Tr. 24. The ALJ cited to a physical examination in December 2013 where, though Plaintiff exhibited back pain, he was "able to bend easily when dealing with his shoes and socks and had a normal gait with steady tandem walk and normal muscle strength, bulk, and tone throughout with no atrophy." *Id.* Plaintiff exhibited worsening back pain and a noticeable limp in April 2014, but then in both March and August of 2015, Plaintiff was able to walk normally without assistance. *Id.* The ALJ noted that imaging of Plaintiff's spine in July 2015, "was largely unremarkable, with vertebral alignment within normal limits, lumbar vertebral body heights maintained and stable in spite of the claimant's

noted compression fracture at T-11, and intervertebral disc spaces within normal limits and unaltered." *Id.*

The ALJ referenced specific and legitimate reasons when she cited the above objective evidence as she explained, "[I] find[] that the claimant is less limited in terms of his ability to lift and/or carry and stand and/or walk than opined by Dr. Lorber given that his opinion is inconsistent with the evidence discussed above showing that the claimant has maintained an ability to ambulate without assistance or gross deficit and normal muscle strength, bulk, and tone during the period at issue." Tr. 25-26

When the ALJ found that Plaintiff was not as functionally restricted as Dr. Lorber opined, she also considered Plaintiff's work history and credibility. The ALJ wrote, "[i]n making this finding [that Plaintiff has an RFC of light exertional with some additional functional limitations], the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence . . . [I have] also considered opinion evidence[.]" Tr. 22.

After reviewing the ALJ's analysis of the record as a whole, this Court can reasonably discern the ALJ's path in choosing to give greater weight to the opinions of Drs. Backlund and Meyers. "Even when an agency explains its decision with less than ideal clarity, we must uphold it if the agency's path may reasonably be discerned." *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) (internal quotations omitted).

Plaintiff broke his back in a car accident in 1997. Tr. 47. He subsequently worked as a counter clerk at a gas station and for Unisource, a hose manufacturing company, where he performed physically demanding work. Tr. 55-56. Plaintiff lost his job at the hose manufacturing

facility when he was laid off in 2012, though he testified that he was still physically able to do the work at the time. Tr. 44. Plaintiff testified that he would have been able to continue in his job as a hose manufacturer until approximately September 2013, another year beyond the date that he was laid off, though he did experience pain at a level of three on a one to 10 scale in that job. Tr. 44-45. Plaintiff's job was physically demanding—he was required to do a substantial amount of lifting and bending, and physically maneuver and buff the hoses. Tr. 44. This was a job that Plaintiff was able to perform with non-debilitating discomfort approximately 15 years after the injury that resulted in his T-11 compression fracture. *See id.* The ALJ cited to this subjective evidence in her decision. Tr. 23.

Dr. William M. Backlund reviewed Plaintiff's medical records in December of 2013 and opined, among other things, that Plaintiff, "can lift and/or carry 20 pounds occasionally and 10 pounds frequently." Tr. 26, 91. Dr. Backlund's opinion was that Plaintiff had an RFC of "light." Tr. 93. Dr. Sharon A. Meyers concurred with Dr. Backlund's assessment of Plaintiff's RFC. Tr. 121-23. Dr. Backlund was aware that Plaintiff had lost 40 percent of vertebral body height at T-11 due to his compression fracture. *See* Tr. 89. Dr. Meyers acknowledged Plaintiff's compression fracture, degenerative disc changes, and lateral epicondylitis before she drew the same conclusion that Dr. Backlund drew after she assessed Plaintiff's overall medical record, which was that Plaintiff had an RFC of "light" with some additional limitations. *See* Tr. 119.

The Plaintiff argues that, as an orthopaedic surgeon, Dr. Lorber was better situated to evaluate the affect of the T-11 compression fracture on Plaintiff's RFC than Drs. Backlund and Meyers. However, when the ALJ's reasoning to give greater weight to the two consulting

physicians is supported by substantial evidence in the record, this Court will not substitute its judgment for that of the ALJ's.

## **CONCLUSION**

Because the Commissioner's decision is free of legal error and supported by substantial evidence in the record, the Commissioner's final decision is AFFIRMED. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d at 1193.

IT IS SO ORDERED.

DATED this 13th day of December, 2018.

_____/s/ Michael McShane_____
**Michael J. McShane**
**United States District Judge**